UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PRINCE DAVIS,                                              Civil Action No.

                          Plaintiff,

   -against-                                                              **COMPLAINT**

CROTHALL HEALTHCARE, INC; COMPASS GROUP
USA, INC.; LUDYS LOPEZ, and SHANNON CAPLES

                                            Plaintiff Demands a Trial
                                                      By Jury
                       Defendants.
------------------------------------------------------------------------X

Plaintiff, PRINCE DAVIS, (hereinafter referred to as "Plaintiff" or "DAVIS"), by and through his attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint in this action against CROTHALL HEALTHCARE, INC; COMPASS GROUP USA, INC.; LUDYS LOPEZ, and SHANNON CAPLES, (hereinafter collectively referred to as Defendants), respectfully alleges as follows upon information and belief:

## NATURE OF THE CLAIMS

1. This action is brought to remedy, *inter alia*, Defendants' unlawful discrimination against Plaintiff DAVIS with respect to his employment on the basis of race, color, and sex/gender, along with a hostile work environment, retaliation as a result of Plaintiff's opposition to these unlawful practices, and Defendants' wrongful termination of Plaintiff as a result of his opposition to these unlawful practices. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), 42 U.S.C. §1981, New York Executive Law, § 290, et seq. ("NYSHRL"); the Administrative Code of the City of New York §8-107 et seq. ("NYCHRL");

and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves federal questions, because the causes of action asserted herein arise in part under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e et. seq. ("Title VII"), and 42 U.S.C. § 1981 ("1981"), to remedy violations of the laws of the State of New York and City of New York based upon federal questions and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against, retaliated against, and unlawfully terminated Defendants on the basis of Plaintiff's race, color, and sex/gender, as well as a hostile work environment.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on November 12, 2020.

5. Plaintiff received a Notice of Right to Sue letter on June 3, 2022.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

**PARTIES**

8. Plaintiff DAVIS is an individual is an African American male resident of the State of New York, County of Queens.

9. At all times material, CROTHALL HEALTHCARE INC. (hereinafter referred to as "Crothall Healthcare") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, COMPASS GROUP USA, INC. (hereinafter referred to as "Compass Group") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

11. At all times material, Defendants Crothall Healthcare and Compass Group were joint employers of Plaintiff (hereinafter collectively referred to as "Defendants").

12. At all times material, Plaintiff was employed by Defendants as an Operations Manager.

13. At all times material, Ludys Lopez (hereinafter referred to as "Lopez") was and is an Assistant Director with Defendants. Lopez held supervisory authority, controlling many of Plaintiff's job duties. Lopez held the power to hire and fire Plaintiff.

14. At all times material, Shannon Caples (hereinafter referred to as "Caples") was and is an Assistant Director with Defendants. Caples held supervisory authority, controlling many of Plaintiff's job duties. Caples held the power to hire and fire Plaintiff.

15. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable federal, state, and local statutes.

**FACTUAL ALLEGATIONS**

16. Around December 10, 2018, Defendants hired Plaintiff as an Operations Manager.

17. Throughout the duration of Plaintiff's employment, Defendants' Assistant Director Lopez began subjecting Plaintiff to numerous racially offensive remarks.

18. Throughout the duration of Plaintiff's employment, Defendants' Assistant Director Lopez often made fun of Plaintiff in Spanish to the Hispanic managers.

19. Further, Plaintiff knew that Lopez was making derogatory remarks about him, because these managers all looked at him and laughed.

20. Throughout the duration of Plaintiff's employment, Defendants' Assistant Director Lopez forced Plaintiff to do the duties and responsibilities assigned to the Hispanic managers while they sat in the office eating and talking amongst themselves.

21. Throughout the duration of Plaintiff's employment, Defendants' Assistant Director Lopez overrode every directive Plaintiff gave to Hispanic employees and redirected them for the African American employees to accomplish.

22. Additionally, throughout the duration of Plaintiff's employment, Defendants' Assistant Director Lopez often give the Hispanic employees lighter job duties and overtime opportunities as opposed to Defendants' African American employees.

23. Further, throughout the duration of Plaintiff's employment, Defendants' Assistant Director Lopez told the Hispanic employees to ignore Plaintiff's directives and actively undermined Plaintiff's attempts to discipline any Hispanic employee.

24. Around May 2019, the first thing that Defendants' Assistant Director Ludys Lopez told Plaintiff was that she "**DIDN'T TRUST BLACK PEOPLE**" and that she "**DIDN'T TRUST "[PLAINTIFF]."**

25. Around August 2019, Defendants' Assistant Director Lopez called another African-American employee named Lennox Callendar, a "**BIG BLACK UGLY GORILLA**." In fact,

Defendants' Assistant Director Lopez made this remark on several occasions and always in the presence of Plaintiff.

26. Around October 2019, Defendants' Assistant Director Lopez told Plaintiff that "**BLACK MANAGERS WERE STUPID AND INCOMPETENT**." Lopez would also often yell at Plaintiff, in front of other employees, telling him that he was useless and incompetent.

27. Around November 2019, Plaintiff called out because he had a headache and was feeling unwell. The next day, Defendants' Assistant Director Lopez teased Plaintiff, in front of other employees, stating that he was not a man because he could not handle a migraine headache.

28. Around November 2019, Defendants' Assistant Director Lopez threatened Plaintiff and told him that she would fire him if he gave her any problems.

29. In response to these blatant acts of workplace discrimination, Plaintiff often and consistently complained to Defendants' Assistant Director Shannon Caples on multiple occasions that Defendants' Assistant Director Lopez was creating a hostile work environment and discriminating against him due to his race, color, sex, and gender.

30. However, Defendants failed to take any reasonable or immediate action to help combat the hostile work environment.

31. Around February 2020, Plaintiff received a call from Defendants' Senior Director Tony Owandi to report to his office.

32. As soon as Plaintiff arrived, Owandi told Plaintiff that Mt. Sinai wanted to remove Plaintiff from the facility without providing any specific reason.

33. Owandi also told Plaintiff to call Defendants' Regional Director Mike Hasiery who would work with Plaintiff and a recruiter to get Plaintiff placed in another facility.

34. Thereafter, Plaintiff contacted Defendants' Regional Director Mike Hasiery who informed Plaintiff he was terminated, but should apply for job openings on Defendants' website.

35. Defendants' Regional Director Hasiery also told Plaintiff that he was surprised that Plaintiff did not receive any paperwork regarding his termination and that he was going to reach out to Plaintiff to try and get him placed in Westchester or the Javits Center.

36. Lastly, Defendants' Regional Director Hasiery told Plaintiff to file for unemployment so Plaintiff could receive an income until he was placed elsewhere.

37. In response, Plaintiff told Defendants' Regional Director Hasiery that Defendants have a pattern and practice of unlawfully terminating their black employees and that his termination was racist and discriminatory.

38. Ultimately, Defendants unlawfully terminated Plaintiff due to race discrimination, color discrimination, sex discrimination, and gender discrimination, and in response to Plaintiff's multiple complaints of unlawful race/color/sex/gender discrimination.

39. Defendants discriminated against and terminated Plaintiff on the basis of his race, color, and sex/gender, and because Plaintiff complained about the unlawful conduct of Defendants related to the above protected classes.

40. Defendants retaliated against Plaintiff for engaging in protected activity.

41. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

42. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

43. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

44. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to his professional reputation.

45. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

46. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

47. Plaintiff claims unlawful discharge and also seeks reinstatement.

48. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

49. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

50. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

51. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Among other discriminatory comments and conduct, Defendant Crothall Healthcare and Defendant Compass Group discriminated against Plaintiff on the basis of his race, color, and sex/gender, and created a hostile work environment. Plaintiff complains of Defendant Crothall Healthcare and Defendant Compass Group's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, or sex/gender.

52. Defendant Crothall Healthcare and Defendant Compass Group engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

53. Defendant Crothall Healthcare and Defendant Compass Group violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER TITLE VII
(Not Against Individual Defendants)**

54. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

56. Defendant Crothall Healthcare and Defendant Compass Group engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

57. Defendant Crothall Healthcare and Defendant Compass Group violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S.C § 1981**
**(AGAINST ALL DEFENDANTS)**

58. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

59. 42 U.S.C § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

60. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African-American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

61. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

62. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

63. Defendants violated the above and Plaintiff suffered numerous damages as a result.

64. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S.C § 1981.

65. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 U.S.C § 1981.

**AS A FOURTH CAUSE OF ACTION**
**<u>FOR DISCRIMINATION UNDER STATE LAW</u>**
**<u>(AGAINST ALL DEFENDANTS)</u>**

66. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

67. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic

characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, color, and national origin, as well as creating a hostile work environment and wrongfully terminating Plaintiff based on Plaintiff's membership in the aforementioned protected classes.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

71. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

72. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

73. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

74. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

76. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

77. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

78. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

79. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

81. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

82. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability,

marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

83. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

84. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

85. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

86. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

87. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

88. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

89. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINTH CAUSE OF ACTION FOR AIDING AND ABETTING
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

91. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

92. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

93. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

94. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

96. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

98. Defendants violated the section cited herein as set forth.

99. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION FOR SUPERVISOR LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

100. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

101. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i. The employee or agent exercised managerial or supervisory responsibility; or

   ii. The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

102. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date:   August 23, 2022
        New York, New York

                                    Respectfully Submitted,

                                    **DEREK SMITH LAW GROUP, PLLC.**

                                    Attorneys for Plaintiff


                                    BY:  __/s/ Daniel Altaras_____
                                        Daniel Altaras, Esq.
                                        One Pennsylvania Plaza, Suite 4905
                                        New York, New York 10119
                                        (212) 587-0760