UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCE DAVIS,

                Plaintiff,

- against -

CROTHALL HEALTHCARE, INC. ET AL.,

                Defendants.

**ORDER**

22 Civ. 7196 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Prince Davis brings this action against Defendants Crothall Healthcare, Inc., Compass Group USA, Inc., Ludys Lopez, and Shannon Caples alleging employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the New York State Human Rights Law; and the New York City Human Rights Law. (Cmplt. (Dkt. No. 1) ¶ 1, 49-102) Defendants have moved to compel arbitration and to dismiss the action, or in the alternative to stay the action pending the outcome of the arbitration. (Def. Mot. (Dkt. No. 18))

      This Court referred Defendants' motion to Magistrate Judge Stewart Aaron.. (Dkt. No. 28) On December 5, 2022, Judge Aaron issued an order granting Defendants' motion to compel arbitration and staying this action pending arbitration, and a Report and Recommendation ("R&R") recommending that Defendant's motion to dismiss be denied. (See Order and R&R (Dkt. No. 29))

      For the reasons stated below, this Court will adopt the R&R's recommendation and Defendant's motion to dismiss will be denied.

28 U.S.C. § 636(b)(1) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In his R&R, Judge Aaron informs the parties that they

> shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure with respect to that part of this Order and Report and Recommendation that makes a recommendation to Judge Gardephe. A party may respond to another party's objections within fourteen days after being served with a copy. Such objections, and any response to objections, shall be filed with the Clerk of the Court. Any requests for an extension of time for filing objections must be addressed to Judge Gardephe.
>
> **THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**

(R&R (Dkt No. 29) at 12-13 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140 (1985)) (emphasis in original))

No party has objected to Judge Aaron's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 108)

2

at 14) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) ("[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object.") (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

After granting Defendants' motion to compel arbitration, Judge Aaron stayed this action and recommended that this Court deny Defendants' motion to dismiss. (Order and R&R (Dkt. No. 29) at 10) This Court has reviewed Judge Aaron's R&R and finds it to be thorough, well-reasoned, and free of any clear error.

As Judge Aaron notes (see id. at 10-11), the Second Circuit has instructed that a stay, rather than a dismissal order, is appropriate in the circumstances here. See Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015) ("while we recognize the impetus for a rule permitting

dismissal, we conclude that the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested").

## CONCLUSION

Judge Aaron's R&R (Dkt. No. 29) is adopted in its entirety, and Defendant's motion to dismiss (Dkt. No. 18) is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 18).

Dated: New York, New York
       September 26, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge